STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF GAMING ENFORCEMENT, PETITIONER–APPELLANT, v. DAVID HANNAH, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Originally Submitted April 8, 1987 and Decided May 21, 1987—Appellant's motion for reconsideration granted August 17, 1987.

Opinion recalled September 4, 1987—Argued September 1, 1987.

Decided September 21, 1987.

Before Judges SHEBELL and STERN.

*Raymond J. Marquez,* Deputy Attorney General, argued the cause for appellant (*W. Cary Edwards,* Attorney General, attorney; *Paul A. Vagianos,* Deputy Attorney General, of counsel and on the brief; *Frances I. Sundheim,* Deputy Attorney General, on the brief).

*David C. Missimer,* Asst. Counsel, Trenton, argued the cause for respondent New Jersey Casino Control Commission (*Robert J. Genatt,* General Counsel, attorney; *Dennis Daly,* Senior Assistant Counsel, of counsel and on the brief; *Christina E. Weaver,* Assistant Counsel, on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

The Division of Gaming Enforcement ("Division") appeals a final order of the Casino Control Commission ("Commission"), waiving the criteria relating to revocation of the casino hotel employee registration held by respondent, David Hannah.

The Division filed a complaint and an amended complaint with the Commission seeking to revoke Hannah's registration as a casino hotel employee based upon his repetitive criminal violations which were alleged to require mandatory disqualification pursuant to *N.J.S.A.* 5:12–86c. It appears undisputed that on

March 1, 1984, Hannah was indicted on charges of unlawful possession of a weapon, *N.J.S.A.* 2C:39–5d, possession of cocaine, *N.J.S.A.* 24:21–20a(4), and possession of cocaine with intent to distribute, *N.J.S.A.* 24:21–19a(1). He pled guilty to possession of cocaine. The remaining counts of the indictment were dismissed. On December 30, 1982, Hannah was arrested and charged with aggravated assault, *N.J.S.A.* 2C:12–1(b). He was found guilty of simple assault and was sentenced to 20 days in jail. On May 12, 1983, he was arrested and charged with possession of methamphetamine and barbiturates, and possession with intent to distribute, *N.J.S.A.* 24:21–20 and 24:21–19, respectively. Laboratory analysis of these materials proved negative, and the charges were dismissed.

The Administrative Law Judge ("ALJ") found that the Division

> has established the 1984 distribution and weapon's charges, and the 1982 charge of aggravated assault. The statutorily disqualifying offenses, each sufficient for the proposed action, taken together with the remaining offenses and the lack of any substantial evidence of rehabilitation, requires the revocation of respondent's casino hotel employee registration.

The Commission affirmed the ALJ's factual findings but modified his decision by waiving the disqualifying offenses, purportedly pursuant to *N.J.S.A.* 5:12–91e which provides that "[t]he commission may waive any disqualification criterion for a casino hotel employee consistent with the public policy of this act and upon a finding that the interests of justice so require."

It is required under *N.J.S.A.* 5:12–91a that every person employed as a casino hotel employee be the holder of a valid casino hotel employee registration. "[T]he commission may revoke, suspend, limit, or otherwise restrict the registration upon a finding that the registrant is disqualified on the basis of the criteria contained in ... [*N.J.S.A.* 5:12–86.]" *N.J.S.A.* 5:12–91b. The finding that Hannah committed aggravated assault and possessed CDS with intent to distribute permits disqualification under *N.J.S.A.* 5:12–86g. *N.J.S.A.* 5:12–91d provides:

> Notwithstanding the provisions of subsection b. of this section *no casino hotel employee registration shall be revoked on the basis of a conviction of*

*any of the offenses enumerated in this act as disqualification criteria, provided that the registrant has affirmatively demonstrated his rehabilitation.* In determining whether the registrant has affirmatively demonstrated his rehabilitation the commission shall consider the following factors:

(1) The nature and duties of the registrant's position;

(2) The nature and seriousness of the offense;

(3) The circumstances under which the offense occurred;

(4) The date of the offense;

(5) The age of the registrant when the offense was committed;

(6) Whether the offense was an isolated or repeated incident;

(7) Any social conditions which may have contributed to the offense;

(8) Any evidence of rehabilitation, including good conduct in prison or in the community, counseling or psychiatric treatment received, acquisition of additional academic or vocational schooling, successful participation in correctional work-release programs, or the recommendation of persons who have or have had the registrant under their supervision. [ (Emphasis added) ].

This section expressly states that "no casino hotel employee registration shall be revoked on the basis of a conviction ... provided that the registrant has affirmatively demonstrated his rehabilitation." This language demonstrates a legislative intent that the disqualification of a prior conviction shall be inapplicable if a registered casino hotel employee makes an affirmative showing of rehabilitation.

Neither the ALJ nor the Commission found rehabilitation under this provision. The Commission instead relied upon its authority under section e of *N.J.S.A.* 5:12–91 that it "may waive *any* disqualification criterion for a casino hotel employee...." [Emphasis added].

The declared public policy of the Casino Control Act is to require that participation as a registrant in gaming be a privilege revocable by the State

solely conditioned upon the individual qualifications of the person seeking such privilege.... to prevent entry ... of persons who have pursued economic gains in an occupational manner or context which are in violation of the criminal or civil public policies of this State, ... into the casino operations or the ancillary industries regulated by this act. [ (*N.J.S.A.* 5:12–1b(8) & (9)) ].

The Legislature required conformance with this policy as a precondition to waiver of any disqualification criterion, in that any exercise of the Commission's authority under section e must be "consistent with the public policy of this act and

upon a finding that the interests of justice so require." *N.J. S.A.* 5:12–91e. Where the registrant has not affirmatively demonstrated his rehabilitation under section d of *N.J.S.A.* 5:12–91, the Commission must determine whether to revoke, suspend, limit or otherwise restrict the registration of the casino hotel employee unless it affirmatively waives the disqualification pursuant to its authority under section e.

In exercising its authority, the Commission must be ever mindful that the gaming industry is to be insulated from criminals so that its integrity may be maintained. *Cf. Matter of Hotel and Restaurant Emp. & Bartend.*, 203 *N.J.Super.* 297 (App.Div.), certif. den. 102 *N.J.* 352 (1985), *cert.* den. 475 *U.S.* 1085, 106 *S.Ct.* 1467, 89 *L.Ed.*2d 723 (1986); *In re Boardwalk Regency Casino License Application*, 180 *N.J.Super.* 324 (App.Div.1981), certif. granted 89 *N.J.* 405, aff'd as mod., 90 *N.J.* 361, app. dism. *sub nom. Perlman v. Attorney General of New Jersey*, 459 *U.S.* 1081, 103 *S.Ct.* 562, 74 *L.Ed.*2d 927 (1982). There are, however, under the statute three basic categories of employees: casino key employees (*N.J.S.A.* 5:12–9), casino employees (*N.J.S.A.* 5:12–7), and casino hotel employees (*N.J.S.A.* 5:12–8).

We are dealing with the latter category in this case as Hannah is a cook. Employees in this category perform only "service or custodial duties not directly related to operations of the casino, ..." *N.J.S.A.* 5:12–8. Even though the waiver provision applies only to this category of employee, the waiver of the Commission must be supported by specific findings that waiver of the disqualifications of criminal conduct is consistent with the public policy of the act and that the interests of justice so require. We are unable to find such a determination or the basis for one in the record before us. The Commission's ruling cannot be supported without detailed findings. *New Jersey Bell Tel. Co. v. Communications Workers, etc.*, 5 *N.J.* 354, 374–79 (1950).

We reverse and remand to the ALJ for further consideration of the employee's status and for updated findings and recommendations under sections d and e of *N.J.S.A.* 15:12–91. The June 20, 1986 order shall remain in full force and effect until final disposition by the Commission. We do not retain jurisdiction.